# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| **KEVIN FONSECA,** ) | **Civil Action No. 3:21-cv-00368-RJC-DSC** |
| ) | |
| **Plaintiff,** ) | **RELATION BACK OF AMENDMENT** |
| ) | **FOR DAMAGES, FOR CIVIL** |
| **v.** ) | **PENALTIES, AND FOR OTHER** |
| ) | **RELIEF ARISING FROM:** |
| **AMERICAN RED CROSS,** ) | 1. **Breach of Employee Contract** |
| ) | **(Section 301 of the Labor-** |
| **Defendant,** ) | **Management Relation Act)** |
| ) | 2. **Breach of Fiduciary duty** |
| ) | 3. **Just Cause and Disparity Treatment** |
| ) | 4. **Defamation** |
| ) | 5. **Retaliation** |
| ) | 6. **Punitive Damages** |
| ) | |
| ———————————————— ) | **Jury Trial Demanded** |

## AMENDED RELATING BACK COMPLAINT

Pursuant to Federal Rule of Civil Procedures Rule 15(a)(2), (c)(1)(A)(B)(C), Plaintiff is filing

Relation Back Amended Complaint Relating Back to the Original Complaint dated July 26, 2021.

## NATURE OF COMPLAINT

1.      This is an action seeking damages against Defendant for violation of Plaintiff's rights

under Collective Bargaining Agreement ("CBA") between Teamsters Local Union 71 ("Local Union

71") and 29 U.S.C. § 185 of the National Labor Relation Act ("NLRA") for termination without just

cause.

2.      Plaintiff is sueing American Red Cross ("ARC") under Section 301 of the Labor -

Management Relation Act ("LMRA")

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff, Kevin Fonesca, is a citizen and resident of Union County, North Carolina.

4.     Defendant(s), American Red Cross is a non-profit humanitarian organization with locations throughout the United States.

5.     Plaintiff is informed and believes and thereon alleges that all times relevant herein, Defendant American Red Cross (hereinafter "Defendant" or "ARC")

6.     Defendant may be served with process at its National Headquarters located at 431 18th Street NW, Washington DC 20006 or Charlotte office at 2425 Park rd, Charlotte, NC 28203 and their respective residences.

7.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

9.     Kevin Fonseca (hereinafter "Plaintiff") began working for Defendant ARC in or about August 2015.

10.     Plaintiff Mr. Fonseca contends ARC discharged employee Kevin Fonseca on November 4, 2019, which violated the collective-bargaining agreement without just cause.

11.     In retaliation, Defendant also terminated Kevin Fonseca on November 4, 2019, including but not limited to his union activities.

12.     Defendant breached the contract and duty in violation of the National Labor Relations Act (NLRA) § 8(a)(1)(3), 29 U.S.C. § 158(a)(1)(3), and Section 7(29 U.S.C. § 157).

13.     On or about September 21, 2017, Plaintiff was discharged.

14.     Plaintiff participated in an arbitration with the Defendant.

15.     Plaintiff was reinstated into his position in October 2018 and received back pay.

16.     After Plaintiff was reinstated, he experienced increased scrutiny from management, including but not limited to harassment, failure to promote, and reprimands.

17.     Plaintiff informed the Collection Manager in February 2019 of the continued harassment from lower management.

18.     On or about June 2019, Plaintiff filed a complaint to the executive management regarding the harassment and retaliation.

19.     On or about November 4, 2019, Plaintiff was terminated for allegedly leaving equipment behind.

20.     Plaintiff's alleged reason for his termination is pretextual.

21.     Defendant has violated Article 11.1 Discipline & Discharge. On November 6, 2019, Plaintiff filed a grievance(s) with Local Union 71 per Collective Bargaining Agreement. (A copy of that CBA. is attached hereto as Exhibit A).

22.     Following the grievance filing, Plaintiff participated in Step 1 & Step 2 hearing.

23.     Defendant has committed a breach of contract, the breach of fiduciary duty, defamation, retaliation, and other wrongful acts as alleged hereafter in the Relation Back Amended Complaint ("Complaint").

24.     Unless otherwise stated in this Complaint, the actions, and omissions upon which the causes of action alleged in this Complaint are based occurred on or after October 8, 2019.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

25.     Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 23 of this Complaint.

26.     Defendant violated the CBA, including but limited to Article 11 & 12, states the following:

27.     (a) The Company shall not discharge, suspend or take disciplinary action with respect to any employee without just cause.

28.     (b) The Employer will follow and apply the concept of progressive discipline.

29.     (c) The supervisor will present his reply to the steward and grievant in writing within ten (10) business days from the day the written grievance is received.

30.     (d) The Region will render a decision within ten (10) business days from the date of conclusion of the meeting.

31.     Defendant and IBT Teamster Local Union 71 (hereinafter "Local Union 71") collaborated to allow the three grievances to be pending in a hold status.

32.     Defendant and Local Union 71 decision not to advance all three grievances dated February 28, 2019, March 27, 2019, and June 25, 2019, was an unprecedented departure from the past practice and in violation of the CBA and National Labor Relation Act.

33.     As a proximate result of the above-described statements, Plaintiff has suffered a loss the following:

   a. Mortification

   b. Humiliation

   c. Suspension and termination of employment American Red Cross

   d. Emotional Distress/Mental anguish

   e. Quality of life and Plaintiff reputation.

34.     In this case, Defendant's actions in Breach of Employee Contract, Breach of Fiduciary duty, Termination without Just Cause,  Disparity Treatment, Defamation, and Retaliation are intentional, willful, and reckless disregard for Plaintiff's legally protected rights and justify awarding liquidated damages.

## SECOND CLAIM FOR RELIEF
### (Failure to perform the fiduciary duty)

35.     Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 33 of the Complaint.

36.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant owed a fiduciary duty in accordance with policy and procedures within the American Red Cross Employee Handbook ("ARCEHB").

37.     Defendant violated the policies of ARCEHB, including but limited to the following:

38.     PROGRESSIVE DISCIPLINE:

   a.   The Red Cross has adopted rules and standards to ensure productive, harmonious operation. Although Red Cross employees are employed at will, the best interest of the **Red Cross lies in ensuring fair treatment of all employees and in making certain that discipline is prompt, fair, and uniform.**

   b.   The Red Cross endorses a philosophy of progressive discipline in which it attempts to provide employees with notice of deficiencies and an **opportunity to improve whenever practical or reasonable.**

   c.   Progressive discipline steps may include but are not limited to verbal warnings, written warnings, **performance improvement plans (PIP)**, and termination of employment.

39.     Defendant violated ARCEBH Work Rules (Falsification of American Red Cross Records) by deliberately recording a false statement within the Corrective Action Letter issued on November 4, 2019.

40.     The Corrective Action letter is an official record document of the ARC. Per the General Policies and Procedure under work rules, the ARC records' falsification is a severe violation.

41.     Defendant failed to provide Plaintiff with an official termination letter.

42. As a proximate result of the above-described statements, Plaintiff has suffered a loss the following:

    a. Mortification

    b. Humiliation

    c. Suspension and termination of employment American Red Cross

    d. Emotional Distress/Mental anguish

    e. Quality of life and Plaintiff reputation.

43. In this case, Defendant's actions in Breach of Employee Contract, Breach of Fiduciary duty, Termination without Just Cause, Disparity Treatment, Defamation, and Retaliation are intentional, willful, and reckless disregard for Plaintiff's legally protected rights and justify awarding liquidated damages.

## THIRD CLAIM FOR RELIEF
### (Just Cause and Disparity Treatment )

44. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 42 of the Complaint.

45. Defendant discharged Plaintiff without just cause per the CBA and ARCEHB. The progressive discipline charges were fraudulent, and the ARC and LOCAL UNION 71 collaboration willfully violated Plaintiff's rights per NLRA by ignoring grievance procedures.

46. Furthermore, the Employer discriminates by falsifying the ARC document, the harsher penalty (discharge for Plaintiff and no discipline for co-workers) for the same incident.

47. As a proximate result of the above-described statements, Plaintiff has suffered a loss the following:

    a. Mortification

    b. Humiliation

    c. Suspension and termination of employment American Red Cross

d.  Emotional Distress/Mental anguish

e.  Quality of life and Plaintiff reputation.

48.     In this case, Defendant's actions in Breach of Employee Contract, Breach of Fiduciary duty, Termination without Just Cause,  Disparity Treatment, Defamation, and Retaliation are intentional, willful, and reckless disregard for Plaintiff's legally protected rights and justify awarding liquidated damages.

## FOURTH CLAIM FOR RELIEF
### (Retaliation)

49.     Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 47 of this Complaint.

50.     Defendant violated ARC policies in the ARCEHB under Actions Prohibited by the Code of Business Ethics and Conduct under sub-topic (b) Retaliation and .

51.     <u>RETALIATION:</u>

a.  Retaliate against any employee who in good faith seeks advice from, raises a concern with or makes a complaint to management, the ombudsman, the Concern Connection Line, the Biomedical Regulatory Hotline or any other whistleblower program, about fraud, waste, abuse, Red Cross policy violations, discrimination, harassment, retaliation, illegal, unethical or unsafe conduct, or any other misconduct by the organization, or its employees, volunteers, vendors, or clients.

b.  Moreover, the Red Cross does not **<u>tolerate intimidation, threats, coercion or retaliation</u>** against any person for making concerns known, assisting in investigations, participating in compliance evaluation activities, opposing unlawful acts and practices, or exercising any rights protected by applicable law, in good faith.

52. Defendant engaged in a retaliatory manner because, in good faith, Plaintiff seeks advice, raises safety concerns, and files a formal harassment complaint to management and Occupational Safety Health Administration "OSHA."

53. Defendant engaged in a retaliatory manner because Plaintiff complained to ARC about safety concerns and participated in an investigation. Plaintiff's Complaint to ARC constitutes legally protected activity.

54. Defendant's pattern of threatening and negative employment actions towards Plaintiff was due to his legally protected activity and was unlawful retaliation, and any of Defendant's reasons for Plaintiff's treatment are a pretext to cover for unlawful retaliation.

55. Defendant retaliation against Plaintiff for engaging in legally protected activities violated Plaintiff's rights under federal law.

56. As a proximate result of the above-described statements, Plaintiff has suffered a loss the following:

   a. Mortification

   b. Humiliation

   c. Suspension and termination of employment American Red Cross

   d. Emotional Distress/Mental anguish

   e. Quality of life and Plaintiff reputation.

57. In this case, Defendant's actions in Breach of Employee Contract, Breach of Fiduciary duty, Termination without Just Cause, Disparity Treatment, Defamation, and Retaliation are intentional, willful, and reckless disregard for Plaintiff's legally protected rights and justify awarding liquidated damages.

## FIFTH CLAIM FOR RELIEF
### (Defamation)

58.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 55 of the Complaint.

59.    Defendant on or about January 2020 defamatory statements was made and published on written legal documentation according to ARC policies to Defendant.

60.    Defendant statements tended to injure Plaintiff in his occupation because the statements attack his veracity as an esteemed professional operator of the Red Cross community and attack his veracity as an esteemed person of character and honor among his peers within the American Red Cross community employees.

61.    The statement made by Defendant further indicates that Plaintiff had violated ARC policy and created the impression that Defendant was willing to falsify documents to ARC.

62.    Defendant statements are entirely false as they pertain to Plaintiff and are defamatory, slanderous on their face, and expose Plaintiff to contempt, ridicule, and obloquy.

63.    Upon information and belief, Defendant failed to use reasonable care to determine the truth or falsity of the statement.

64.    Upon information and belief, Defendant's wrongful conduct was a substantial factor in causing harm, including but not limited to injury to Plaintiff's occupation.

65.    As a proximate result of the above-described statements, Plaintiff has suffered a loss the following:

   a.   Mortification

   b.   Humiliation

   c.   Suspension and termination of employment American Red Cross

   d.   Emotional Distress/Mental anguish

   e.   Quality of life and Plaintiff reputation.

66.     In this case, Defendant's actions in Breach of Employee Contract, Breach of Fiduciary duty, Termination without Just Cause, Disparity Treatment, Defamation, and Retaliation are intentional, willful, and reckless disregard for Plaintiff's legally protected rights and justify awarding liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A.      The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the discriminatory and/or unlawful actions referenced herein.

B.      The Court enter a judgment in favor of Plaintiff against Defendant to include reinstatement of employment, compensation for lost wages, lost benefits, and other economic lossess that were proximately caused by the discriminatory and/or unlawful actions referenced herein. benefits.

C.      The Court enter an award in favor of Plaintiff and against Defendant pursuant to state law for reasonable expenses and costs, including attorney's fees.

D.      The Court enter an award in favor of Plaintiff and against Defendant for punitive damages caused by its intentional, willful, wanton, and reckless actions in wrongfully discharging Plaintiff in the amount of $1,000,000.00

E.      The Court enter an award in favor of Plaintiff and against Defendant for the great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's wrongfully discharging Plaintiff in the amount of $1,000,000.00.

F.      The Court enter an award in favor of Plaintiff and against Defendant for liquidated damages.

G.      A jury tries this matter.

H.      The judgment bear interest at the legal rate from the date of filing this action until paid;

I.      Defendant be taxed with the costs of this action; and

J.      The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 11ᵗʰ day of February 2022.

_Kevin Fonseca_
Kevin Fonseca
Pro Se
3508 Southern Ginger Drive
Indian Trail NC 28079
619.417.8919

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINACHARLOTTE DIVISION
CIVIL ACTION NO.: 3:21-cv-00452-RJC DSC

CERTIFICATE OF SERVICE

This is to certify that the undersigned, on February 11, 2022, a copy of *Plaintiff's RELATION BACK OF AMENDMENT FOR DAMAGES, FOR CIVIL PENALTIES, AND FOR OTHER RELIEF* attorney listed below by the United States, Postal Services

**JACKSON LEWIS PC.**
Joshua R. Adams
Bernard Tisdale
200 South College Street, Suite 1550
Charlotte, NC 28202
Bernard.Tisdale@jacksonlewis.com
Joshua.Adams@jacksonlewis.com

_Kevin Fonseca_
Kevin Fonseca
Pro Se
3508 Southern Ginger Drive
Indian Trail, NC 28079
