UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00452-RJC-DSC

| KEVIN FONSECA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **Order** |
| AMERICAN RED CROSS, GAIL MCGOVERN ANGELA POWLEY, DANIELLE BOWEN, BRANDI MCLENDON, CHRISTI MATHEWSON, DELORIS WILBORN, AVIS BUTTS, and DOES 1-25, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss (Doc. No. 3), the Magistrate Judge's Memorandum and Recommendation ("M&R"), Plaintiff's pro se objection (Doc. No. 9), Plaintiff's pro se motion to strike (Doc. No. 12), and Plaintiff's pro se motion to set aside the Court's prior Order (Doc. No. 16). For the reasons stated herein, the M&R is **ADOPTED in part**, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff' motions are **DENIED**.

I. BACKGROUND

Plaintiff filed this action challenging his discharge by Defendant American Red Cross and related arbitration proceedings in Mecklenburg County Superior Court, and the action was removed to this Court in August 2021. (Doc. No. 1). Plaintiff is a member of the Teamsters Local #71 (the "Union"). The Union and American Red Cross are parties to a Collective Bargaining Agreement, applicable to Plaintiff (the "CBA").

Accepting the factual allegations in the Complaint as true, Plaintiff was discharged by American Red Cross in 2017, but was reinstated following arbitration. After being reinstated,

Plaintiff "experienced increased scrutiny from management including harassment, failure to promote, and reprimands," about which he informed the Collection Manager in February 2019, and filed a complaint with the executive management in June 2019. (Doc. No. 1-1 ¶¶ 21-23). He was terminated in November 2019 for "leaving equipment behind," which he alleges is "pretextual." (*Id.* ¶¶ 24-25). Thereafter, he filed a grievance with the Union and participated in "Step 1 & Step 2 hearing[s]." (*Id.* ¶¶ 26-27).

The CBA sets forth the procedures governing grievances alleged by employees, like Plaintiff, which if not resolved ultimately must be arbitrated. (Doc. No. 3-2). As required by the CBA, Plaintiff's grievance was arbitrated, and after numerous hearings, in a 34-page decision dated January 23, 2021, the arbitrator found Defendant American Red Cross "did not violate the [CBA] by terminating [Plaintiff's] employment in November 2019" and "[Plaintiff's discharge] did . . . not constitute a violation of the National Labor Relations Act." (Doc. No. 3-3). Within months, Plaintiff filed this action challenging his discharge, bringing claims for (1) Breach of contract; (2) Breach of fiduciary duty; (3) Just Cause and Disparity Treatment; (4) Retaliation; and (5) Defamation. (Doc. No. 1-1). Notably, Plaintiff's claims largely appear to rehash his contentions as to why Defendant American Red Cross breached the CBA when it discharged Plaintiff's employment. On September 29, 2021, Defendants filed their motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 3). Defendants also requested a prefiling injunction against Plaintiff "for his unfounded vexatiousness against the Red Cross." (Doc. No. 3-1 at 4). The Magistrate Judge recommended granting Defendants' motion to dismiss and issuing a pre-filing injunction. (Doc. No. 8). Plaintiff objected. (Doc. No. 9).

Meanwhile, in a Civil Action No.: 3:21-cv-00368-RJC-DSC, Defendants filed a motion to consolidate with this action in light of the effectively identical allegations and claims Plaintiff

made against Defendants. Separately, Plaintiff also filed a motion to consolidate in Civil Action No.: 3:21-cv-00368-RJC-DSC, for the same reasons, which he later sought to strike because Defendants had not yet answered in the case. Simultaneously, in this action, Defendants filed a Notice of Motion to Consolidate, providing notice of their motion to consolidate filed in Civil Action No.: 3:21-cv-00368-RJC-DSC. In this action, Plaintiff also filed a motion to strike Defendants' Notice of Motion to Consolidate. (Doc. No. 12). The Court consolidated this action with Civil Action No.: 3:21-cv-00368-RJC-DSC, with the lead case being this action (the "Consolidation Order"). (Doc. No. 14). Afterward, Plaintiff sought to set aside the Consolidation Order arguing he was not heard on the issue of consolidation. (Doc. No. 16).

## II.　STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

3

## III. DISCUSSION

The Magistrate Judge recommended the Court grant Defendants' motion to dismiss and issue a prefiling injunction. (Doc. No. 8). Plaintiff's objection, although not entirely clear, appears to argue the Magistrate Judge erred (1) in recommending dismissal of his claims against Defendant American Red Cross because Plaintiff brought his claim under Section 301 of the Labor Management Relations Act (LMRA); and (2) in recommending a pre-filing injunction. (Doc. No. 9).

### A. Motion to Dismiss

"When a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the [Federal Arbitration Act] commands the federal courts to stay any ongoing judicial proceedings, and to compel arbitration." *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999) (internal citations omitted). "[W]hether a dispute is arbitrable under a collective bargaining agreement is a question of law for the court." *Id.* Four principles guide courts in determining whether a labor dispute is arbitrable:

> Under the first principle, the parties must have contracted to submit the grievance to arbitration. The second principle requires that the court determine whether the contract provides for arbitration of the particular grievance in question. The third principle demands that the court not decide the merits of the grievance while determining the arbitrability of the dispute. Finally, if the contract contains an arbitration clause, a presumption of arbitrability arises. The court should not decline to order arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."

*Id.* "[D]ue regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002). If arbitration is required, "[s]ubject to very limited judicial review, [an employee] will be bound by the result [of arbitration] according to the finality

4

provisions of the agreement." *DelCostello v. Int'l Broth. Of Teamsters*, 462 U.S. 151, 164 (1983). "[J]udicial review of an arbitration award in federal court is severely circumscribed and among the narrowest known at law." *Jones v. Dancel*, 792 F.3d 395, 401 (4th Cir. 2015) (internal quotation marks omitted).

"[A]n individual employee may bring suit against his employer for breach of a collective bargaining agreement" but is generally required to first exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. *DelCostello*, 462 U.S. at 163. "Section 301 of the [LMRA], 29 U.S.C. § 185, allows litigants to bring [s]uits for violation of contracts between an employer and a labor organization in federal district court." *Groves v. Comm. Workers of Am.*, 815 F.3d 177, 178 (4th Cir. 2016). A hybrid Section 301 action, provides a remedy where a union "refuses to utilize the contractual remedies or, if it does utilize them, assertedly does so discriminatorily or in bad faith." *Id.* at 181 (cleaned up). "[F]ederal courts review allegations against employers for breach of collective bargaining agreements only when an employee has first proved that the union representing him breached its duty of fair representation." *Verbal v. Giant of Md., LLC*, 204 F. Supp. 3d 837, 845 (D. Md. Sept. 6, 2016); *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656-57 (4th Cir. 2002) ("[A] cause of action will only lie against an employer if the union has breached its duty of fair representation of the employee." (quotation marks omitted)).

Here, the CBA provides that all grievances involving the discipline and discharge of Union-represented employees are to be arbitrated and "[t]he decision of the Arbitrator shall be final and binding on all parties." Plaintiff brings claims challenging his discharge from American Red Cross and his claims appear to rehash why he believes Defendant American Red Cross and individual Defendants violated the CBA. Thus, his claims fall squarely within the arbitration provisions of the CBA and he is required to submit his grievances regarding his discharge to

5

arbitration. Indeed, Plaintiff did submit his grievances to arbitration. However, unhappy with the result of arbitration, he filed this action challenging his discharge. But, as the CBA provides the decision is final and binding on all parties and Plaintiff's Complaint does not present a valid reason as to why he is not bound by the result of the arbitration. Plaintiff's objection appears to argue he brought this claim challenging the arbitration decision as a hybrid action under Section 301 of the LMRA. However, Plaintiff does not bring suit against the Union[1] and does not allege that the Union breached its duty of fair representation with any specificity. Plaintiff's Complaint does allege certain individual Defendants breached fiduciary duties, but that is insufficient to bring a hybrid action. Plaintiff was required to arbitrate his grievances under the CBA, which he did, and he is bound by the results of the arbitration according to the finality provision in the CBA. *Id.* Accordingly, Plaintiff's Complaint fails to state a claim for breach of contract of the CBA and must be dismissed.

It does not appear the Plaintiff objects to any other portion of the M&R's recommendation to grant the motion to dismiss, including the claims against the individual Defendants, since he did not make any other objections with any specificity. Nevertheless, this Court has conducted a full review of the M&R and documents of record, and having done so, the Court determines the Magistrate Judge's recommendation with respect to dismissal of all remaining claims in accordance with the law and should be adopted. Therefore, Plaintiff's claims will be dismissed with prejudice.

---

[1] The Court notes that Plaintiff was not required to bring suit against the Union, but he is required to show the Union breached its duty of fair representation in order for his claim against American Red Cross to survive. *Groves*, 815 F.3d at 179 n.*.

### B. Pre-filing Injunction

Next, Plaintiff objects to the Magistrate Judge's recommendation to issue a pre-filing injunction. "[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). When determining whether to issue a prefiling injunction, the Court must consider all relevant circumstances. Courts have noted four factors in particular to consider: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id.* at 818. If the judge does determine that a prefiling injunction is warranted after weighing the relevant factors, the judge still "must ensure that the injunction is narrowly tailored to fit the special circumstances at issue." *Id.* "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1996) (internal citation and quotation omitted). A court "must afford a litigant notice and an opportunity to be heard" before issuing a prefiling injunction against him. *Cromer*, 390 F.3d at 819.

Since January 2020, Plaintiff has filed seven actions that ultimately end up in this Court against American Red Cross, the Union, and/or related individuals, in connection with his employment with American Red Cross. Most recently, Plaintiff filed Civil Action No.: 3:21-cv-00368-RJC-DSC and this action, which contain virtually identical allegations and are consolidated. Similarly, he filed two virtually identical actions against the Union which are consolidated (Civil

7

Action Nos.: 3:21-cv-00369-MOC-DCK and 3:21-cv-00450-MOC-DCK). In each instance, Plaintiff filed a complaint in this Court and a virtually identical complaint in state court that was subsequently removed to this Court. Plaintiff also filed Civil Action No.: 3:20-cv-00620-RJC-DSC against American Red Cross in this Court alleging discrimination and retaliation, which is still pending and in discovery. Last, Plaintiff filed two complaints alleging his prior arbitration award was incorrectly calculated, one of which was dismissed for failure to comply with the Court's Order to pay his filing fee (Civil Action No.: 3:20-cv-00003-FDW-DSC) and the other dismissed because the issue Plaintiff raised was already decided in arbitration (Civil Action No.: 3:20-cv-00526-RJC-DSC).

The first *Cromer* factor is the party's history of litigation, and in particular whether he has filed vexatious, harassing, or duplicative lawsuits, and the second factor is whether he has a good faith basis for pursuing the litigation, or whether he simply intends to harass. *Cromer*, 390 F.3d at 818. Here, Plaintiff was involved in two different arbitrations related to his employment discharge. In the first arbitration he was successful, but later filed two identical suits in this Court challenging the amount of backpay he agreed to, both of which the Court dismissed (one for failure to pay the filing fee). After he was discharged again in 2019, he was involved in a second arbitration but was not successful. Since then, he has filed multiple duplicative lawsuits against the same or similar defendants alleging similar or related allegations in both state and federal court. The thrust of Plaintiff's complaints is his dissatisfaction with his employment relationship with American Red Cross and the Union. In all but one action, he also attempts to overturn final arbitrators' decisions. The first and second factors weigh in favor of a prefiling injunction.

The third *Cromer* factor is the extent of the burden on the courts and other parties resulting from the party's filings. *Cromer*, 390 F.3d at 818. Due to Plaintiff's repeated cases, the Court has

8

had to spend resources consolidating cases and addressing multiple dismissals. Defendants have also had to spend resources defending the various actions. However, Plaintiff has not made an overwhelming number of frivolous motions in each case filed. Additionally, Plaintiff has one case pending that the defendants answered, has not been dismissed, and is in discovery. The third factor is neutral. The final *Cromer* factor is the adequacy of alternative sanctions. *Cromer*, 390 F.3d at 818. The Court has considered the adequacy of alternative sanctions and concludes at this time alternative sanctions may be adequate. Plaintiff's filing have not been so vexatious, harassing, and overwhelming that the Court is convinced at this point that Plaintiff will continue to file frivolous and harassing motions and cases in the face of potential monetary or other sanctions. The fourth *Cromer* factor therefore weighs against a prefiling injunction.

After an examination of the four *Cromer* factors, this Court has determined that a prefiling injunction is not warranted at this time. However, Plaintiff is warned that his continued duplicative and/or harassing filing of lawsuits against Defendants and related parties in connection with his employment with American Red Cross and related arbitration proceedings and/or the filing of frivolous motions and other filings in the now pending or previous closed cases may result in the imposition monetary sanctions and the imposition of a pre-filing injunction.

Finally, the Court will deny Plaintiff's Motion to Set Aside the Consolidation Order. Plaintiff filed a similar motion to consolidate in which he sought to consolidate the cases. Additionally, the Court has considered Plaintiff's motion to strike his own consolidation motion and his motion to set aside the Consolidation Order. Plaintiff also notes in his objection that he intended to file "a Motion to Join Complaints making the Federal Complaint precedent," presumably referring to this matter which was removed from state court and Civil Action No. 3:21-cv-00368-RJC-DSC filed in this Court. (Doc. No. 9 at 8). There is good cause for the cases to

9

remain consolidated.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 8), is **ADOPTED in part**;

2. Defendants' Motion to Dismiss, (Doc. No. 3), is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**;

3. Plaintiff's motion to strike Defendants' notice of filing motion for consolidation, (Doc. No. 12), is **DENIED as moot**;

4. Plaintiff's Motion to Set Aside the Consolidation Order, (Doc. No. 16), is **DENIED**; and

5. The Court declines to issue a pre-filing injunction at this time but Plaintiff is warned that his continued duplicative and/or harassing filing of lawsuits against Defendants and related parties in connection with his employment with American Red Cross and related arbitration proceedings and/or the filing of frivolous motions and other filings in the now pending or previous closed cases may result in the imposition monetary sanctions and the imposition of a pre-filing injunction.

The Clerk of Court is directed to close this case.

**SO ORDERED**.

Signed: April 18, 2022

*[signature]*

Robert J. Conrad, Jr.
United States District Judge